UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION, ) ) Plaintiff, ) ) v. ) ) COULOMB MEDIA, INC., ) a corporation, and ) ) CODY LOW aka JOE BROOKS, ) an individual and an officer ) of COULOMB MEDIA, INC., ) ) Defendants. ) ) | Case No.: Judge: |

**COMPLAINT FOR PERMANENT INJUNCTION
AND OTHER EQUITABLE RELIEF**

Plaintiff, the Federal Trade Commission ("FTC"), for its Complaint alleges:

1. The FTC brings this action under Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), to obtain temporary, preliminary, and permanent injunctive relief, rescission or reformation of contracts, restitution, the refund of monies paid, disgorgement of ill-gotten monies, and other equitable relief for Defendants' acts or practices in violation of Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a) and 52.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345, and 15 U.S.C. §§ 45(a) and 53(b).

3. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c), and 15 U.S.C. § 53(b).

**PLAINTIFF**

4. The FTC is an independent agency of the United States Government created by statute. 15 U.S.C. §§ 41-58. The FTC enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce. The FTC also enforces Section 12 of the FTC Act, 15 U.S.C. § 52, which prohibits false advertisements for food, drugs, devices, services, or cosmetics in or affecting commerce.

5. The FTC is authorized to initiate federal district court proceedings, by its own attorneys, to enjoin violations of the FTC Act and to secure such equitable relief as may be appropriate in each case, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies. 15 U.S.C. §§ 53(b) and 56(a)(2)(A).

**DEFENDANTS**

6. Defendant Coulomb Media, Inc. ("Coulomb Media"), is a Michigan corporation with its principal place of business at 776 Trombley Road, Grosse Point Park, Michigan 48230. Coulomb Media transacts or has transacted business in this district and throughout the United States. At all times material to this Complaint, acting alone or in concert with others, Coulomb Media has advertised, marketed, and promoted acai berry products, including Acai Ultra Lean, (collectively, the "Acai Berry Products") to consumers throughout the United States.

7. Defendant Cody Low, also known as Joe Brooks ("Low"), is the managing officer and registered agent of Coulomb Media. At all times material to this Complaint, acting alone or in concert with others, he has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of Coulomb Media, including the acts and practices set forth in this Complaint. Defendant Low resides in this district and, in connection with the

matters alleged herein, transacts or has transacted business in this district and throughout the United States.

## COMMERCE

8.      At all times material to this Complaint, Defendants have maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANTS' BUSINESS ACTIVITIES

9.      Since at least 2010, Defendants have advertised, marketed, and promoted various products to consumers throughout the United States, including the Acai Berry Products.

10.     Defendants promote these products through websites designed to look like news reports. The sites use domain names such as new6reports.com and consumerhealtwarning.com, and include titles such as News 6 Reports and Consumer News Reporter. The sites often include the names and logos of major broadcast and cable television networks, falsely representing that the reports on the sites have been seen on these networks.

11.     The sites purport to provide objective investigative reports authored by reporters or commentators typically pictured on the sites. The supposed authors of the reports claim to have tested the products on themselves and experienced dramatic and positive results. Following the reports are "responses" or "comments" that appear to be independent statements made by ordinary consumers.

12.     In fact, Defendants' news reports are fake. Reporters or commentators pictured on the sites are fictional and never conducted the tests or experienced the results described in the reports. The "responses" and "comments" following the reports are simply additional advertising content, not independent statements from ordinary consumers.

13. Defendants also promote products, including the Acai Berry Products, through websites designed to look like personal blogs. These sites use domain names such as stacysdietblog.com and lauraweightlossdiary.com and include headings such as "Stacy's Workout – How I Lost 27 Pounds in 1 Month. . ." and "Laura's Weight Loss Diary: 'Here's How I Lost 47 lbs of Stomach Fat in Just 2 Months With 2 Free Diet Products.'" The websites purport to be ordinary, independent consumers' blogs describing personal experiences using the featured products and the positive results achieved.

14. The sole purpose of Defendants' websites is to promote the featured products on behalf of third-party merchants who then sell the products on other websites. Defendants' promotional websites are designed to entice consumers to click on links that will transfer them to a merchant's website. Defendants receive a commission or other payment for each consumer who clicks on a link and ultimately makes a purchase or signs up for a "free trial" on the merchant's website. In this context, Defendants commonly are referred to as "affiliate marketers."

15. Defendants have failed to disclose in a clear and conspicuous manner that they are not objectively evaluating these products and, in fact, are being paid to promote the products. Defendants' websites either fail entirely to disclose these facts, or fail to do so adequately. The relevant information, if disclosed at all, typically appears in small type at the bottom of the web page, following the fake consumer comments, well below the links to the products being sold.

16. In promoting products through their websites, Defendants also make deceptive claims about the products. Defendants have represented, for example, that the Acai Berry Products, either alone or in combination with a companion product, cause rapid and substantial weight loss. Defendants typically claim on their sites that reporters who tested the Acai Berry

Products, either alone or in combination with a companion product, on themselves lost twenty-five pounds in four weeks without any special diet or intense exercise.

17. In truth and in fact, the Acai Berry Products, either alone or in combination with a companion product, do not cause rapid and substantial weight loss, nor do Defendants possess and rely upon a reasonable basis to substantiate representations that consumers who use the Acai Berry Products, either alone or in combination with a companion product, will rapidly lose a substantial amount of weight.

## VIOLATIONS OF THE FTC ACT

18. Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce."

19. Misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act. Section 12 of the FTC Act, 15 U.S.C. § 52, prohibits the dissemination of any false advertisement in or affecting commerce for the purpose of inducing, or which is likely to induce, the purchase of food, drugs, devices, services, or cosmetics. For the purposes of Section 12 of the FTC Act, 15 U.S.C. § 52, the Acai Berry Products are either a "food" or "drug" as defined in Section 15(b) and (c) of the FTC Act, 15 U.S.C. § 55(b), (c).

## COUNT ONE

### False and Unsubstantiated Product Claims

20. Through the means described in Paragraphs 9 through 17 of this Complaint, Defendants have represented, directly or indirectly, expressly or by implication, that use of the Acai Berry Products, alone or in combination with a companion product, will result in rapid and substantial weight loss, including as much as twenty-five pounds in four weeks.

21. The representations set forth in Paragraph 20 of this Complaint are false or were not substantiated at the time the representations were made.

22. Therefore, the making of the representations as set forth in Paragraph 20 of this Complaint constitutes a deceptive act or practice and the making of false advertisements, in or affecting commerce, in violation of Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a) and 52.

## COUNT TWO

### Misrepresentations (Fake News Reports)

23. Through the means described in Paragraphs 9 through 17 of this Complaint, Defendants have represented, directly or indirectly, expressly or by implication, that:

    a. Defendants' websites are objective news reports;

    b. Objective news reporters have performed independent tests demonstrating the effectiveness of the products featured, including the Acai Berry Products, alone or in combination with a companion product; and

    c. The comments following the "articles" on Defendants' websites express the views of independent consumers.

24. In truth and in fact:

    a. Defendants' websites are advertisements made to appear as objective news reports;

    b. Objective news reporters have not performed independent tests demonstrating the effectiveness of the products featured, including the Acai Berry Products, alone or in combination with a companion product; and

  c. The comments following the "articles" on Defendants' websites do not express the views of independent consumers.

25. Therefore, the making of the representations as set forth in Paragraph 23 of this Complaint constitutes a deceptive act or practice, in or affecting commerce, in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## COUNT THREE

### Failures to Disclose (Connection to Seller)

26. In numerous instances in connection with the advertising, marketing, promotion, offering for sale, or sale of the Acai Berry Products and other products, including through the means described in Paragraphs 9 through 17 of this Complaint, Defendants have represented, directly or indirectly, expressly or by implication, that the content of their websites has been authored by an objective journalist who has conducted independent tests.

27. In numerous instances in which Defendants have made the representation set forth in Paragraph 26 of this Complaint, Defendants have failed to disclose or disclose adequately to consumers that the content of Defendants' websites has not been authored by an objective journalist but is in fact an advertisement placed by Defendants. Defendants receive commissions or other payments when consumers purchase the products or sign up for "free trials" on the product-selling websites.

28. Defendants' failure to disclose or disclose adequately the material information described in Paragraph 27 of this Complaint, in light of the representation described in Paragraph 26 of this Complaint, constitutes a deceptive act or practice in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## CONSUMER INJURY

29. Consumers have suffered and will continue to suffer substantial injury as a result of Defendants' violations of the FTC Act. In addition, Defendants have been unjustly enriched as a result of their unlawful acts or practices. Absent injunctive relief by this Court, Defendants are likely to continue to injure consumers, reap unjust enrichment, and harm the public interest.

## THIS COURT'S POWER TO GRANT RELIEF

30. Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and such other relief as the Court may deem appropriate to halt and redress violations of any provision of law enforced by the FTC. The Court, in the exercise of its equitable jurisdiction, may award ancillary relief, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies, to prevent and remedy any violation of any provision of law enforced by the FTC.

## PRAYER FOR RELIEF

Wherefore, Plaintiff FTC, pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and the Court's own equitable powers, requests that the Court:

A. Award Plaintiff such preliminary injunctive and ancillary relief as may be necessary to avert the likelihood of consumer injury during the pendency of this action and to preserve the possibility of effective final relief, including but not limited to, temporary and preliminary injunctions, an order preserving assets, and an accounting;

B. Enter a permanent injunction to prevent future violations of the FTC Act by Defendants;

C. Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations of the FTC Act, including but not limited to, rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-

gotten monies; and

      D.      Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

**Date: April 15, 2011**        Respectfully submitted,

      **WILLARD K. TOM,** General Counsel
Federal Trade Commission, Washington, D.C

      **JON MILLER STEIGER**
Director, East Central Region

      s/ Steven W. Balster

| | |
|---|---|
| **BARBARA L. MCQUADE** | **STEVEN W. BALSTER** (Illinois Bar #6189072) |
| United States Attorney | Federal Trade Commission |
| | 1111 Superior Avenue, Suite 200 |
| **PETER A. CAPLAN** | Cleveland, Ohio 44114 |
| Assistant U.S. Attorney | (216) 263-3401 |
| 211 W. Fort Street, Ste. 2001 | (216) 263-3426 |
| Detroit, Michigan 48226 | sbalster@ftc.gov |
| (313) 226-9784 | |
| peter.caplan@usdoj.gov | |
| P-30643 | Attorneys for Plaintiff |
| | Federal Trade Commission |
| | WILLARD K. TOM |
| | General Counsel |

CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2011, I electronically filed the foregoing paper with the Clerk

of the Court using the ECF system and that I have delivered it to the U.S. Marshall's office for personal service to the following non-ECF participants: Defendant Coulomb Media, Inc., and Defendant Cody Low aka Joe Brooks. Because Defendants are currently *pro se*, they will not receive notification of this filing by the ECF system.

s/ Steven W. Balster
**STEVEN W. BALSTER** (Illinois Bar #6189072)
Federal Trade Commission
1111 Superior Avenue, Suite 200
Cleveland, Ohio 44114
(216) 263-3401
(216) 263-3426
sbalster@ftc.gov
