# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION,         ) | |
| ) | |
| Plaintiff,       ) | Case No. 11-cv-11618 |
| ) | |
| v.        ) | Judge: Robert H. Cleland |
| ) | (presiding) |
| COULOMB MEDIA, INC.,      ) | |
| a corporation, and     ) | Laurie J. Michelson |
| ) | (referral) |
| CODY LOW aka JOE BROOKS,    ) | |
| an individual and an officer    ) | |
| of COULOMB MEDIA, INC.,    ) | |
| ) | |
| Defendants.     ) | |
| ) | |

## STIPULATED FINAL JUDGMENT AND ORDER FOR
## PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), pursuant to Section

13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), filed its Complaint

for Permanent Injunction and Other Equitable Relief ("Complaint") against Defendants Coulomb

Media, Inc., and Cody Low aka Joe Brooks ("Defendants"), alleging deceptive acts or practices

and false advertisements in violation of Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a)

and 52.

Defendants, having been represented by counsel, and acting by and through said counsel,

have consented to the entry of this Stipulated Final Judgment and Order for Permanent Injunction

and Other Equitable Relief ("Order") without a trial or adjudication of any issue of law or fact

herein.

**NOW THEREFORE,** the Plaintiff and Defendants, having requested the Court to enter

this Order, and the Court having considered the Order reached between the parties, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

**FINDINGS**

1.      This is an action by the Commission instituted under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b).  The Commission has the authority to seek the relief contained herein.

2.      The Commission's Complaint states claims upon which relief may be granted under Sections 5(a), 12 and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a), 52 and 53(b).

3.      This Court has jurisdiction over the subject matter of this case and personal jurisdiction over Defendants.

4.      Venue in the United States District Court for the Eastern District of Michigan is proper pursuant to 28 U.S.C. § 1391(b) and 15 U.S.C. § 53(b).

5.      The alleged activities of Defendants are "in or affecting commerce" as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

6.      Defendants, without admitting the allegations set forth in the Commission's Complaint, with the exception of venue and jurisdictional facts, and without any admission or finding of liability thereunder, agree to entry of this Order.

7.      Defendants waive: (a) all rights to seek judicial review or otherwise challenge or contest the validity of this Order; (b) any claim that they may have against the Commission, its employees, representatives, or agents; (c) all claims under the Equal Access to Justice Act, 28 U.S.C. § 2412, *as amended by* Pub. L. 104-121, 110 Stat. 847, 863-64 (1996); and (d) any rights to attorney's fees that may arise under said provision of law.  The Commission and Defendants shall each bear their own costs and attorney's fees incurred in this action.

2

8.      This Order is in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law.

9.      Entry of this Order is in the public interest.

## DEFINITIONS

For purposes of this Order, the following definitions shall apply:

1.      **"Acai Berry Product"** or **"Acai Berry Products"** mean any Dietary Supplement, Food, or Drug, sold alone or in combination with companion products, that is advertised, marketed, promoted, offered for sale, distributed, or sold with express or implied representations that the product contains acai berries or the extract thereof.

2.      **"Adequate and Well-Controlled Human Clinical Study"** means a human clinical study that is randomized, double-blind, placebo-controlled, and conducted by persons qualified by training and experience to conduct such a study.

3.      **"Assisting Others"** includes, but is not limited to: (a) arranging for the dissemination or publication of advertisements; (b) assisting in the formulation, drafting, or revision of advertisements; (c) creating, hosting, or maintaining websites; (d) recruiting third parties to advertise or market products, services, or programs; (e) obtaining or generating customer leads; (f) performing or providing marketing, billing, or collection services of any kind; (g) verifying, processing, fulfilling, or arranging for the fulfillment of orders; or (h) acting as an officer or director of a business entity.

4.      **"Clearly and Prominently"** shall mean: (a) in textual communications (*e.g.,* printed publications or words displayed on the screen of a computer), the required disclosures are of a type, size, and location sufficiently noticeable for an ordinary consumer to read and

3

comprehend them, in print that contrasts with the background on which they appear; (b) in communications disseminated orally or through audible means (*e.g.*, radio or streaming audio), the required disclosures are delivered in a volume and cadence sufficient for an ordinary consumer to hear and comprehend them; (c) in communications disseminated through video means (*e.g.*, television or streaming video), the required disclosures are in writing in a form consistent with subparagraph (a) of this definition and shall appear on the screen for a duration sufficient for an ordinary consumer to read and comprehend them; (d) in communications made through interactive media, such as the Internet, online services, and software, the required disclosures are unavoidable and presented in a form consistent with subparagraph (a) of this definition, in addition to any audio or video presentation of them; and (e) in all instances, the required disclosures are presented in an understandable language and syntax, in the same language as the predominant language that is used in the communication, and with nothing contrary to, inconsistent with, or in mitigation of the disclosures used in any communication of them.

5.      **"Individual Defendant"** means Cody Low aka Joe Brooks, by whatever name he may be known.

6.      **"Corporate Defendant"** means Coulomb Media, Inc., and its successors and assigns, as well as any subsidiaries, and any fictitious business entities or business names created or used by these entities, or any of them.

7.      **"Defendants"** means the Individual Defendant and the Corporate Defendant, individually, collectively, or in any combination.

8.      **"Device"** means an instrument, apparatus, implement, machine, contrivance,

4

implant, in vitro reagent, or other similar or related article, including any component, part, or accessory, which is— (a) recognized in the official National Formulary, or the United States Pharmacopeia, or any supplement to them; (b) intended for use in the diagnosis of disease or other conditions, or in the cure, mitigation, treatment, or prevention of disease, in man or other animals; or (c) intended to affect the structure or any function of the body of man or other animals; and which does not achieve any of its principal intended purposes through chemical action within or on the body of man or other animals and which is not dependent upon being metabolized for the achievement of any of its principal intended purposes.

9.      **"Dietary Supplement"** means: (a) any product labeled as a dietary supplement or otherwise represented as a dietary supplement; or (b) any pill, tablet, capsule, powder, softgel, gelcap, liquid, or other similar form containing one or more ingredients that are a vitamin, mineral, herb or other botanical, amino acid, probiotic, or other dietary substance for use by humans to supplement the diet by increasing the total dietary intake, or a concentrate, metabolite, constituent, extract, or combination of any ingredient described above that is intended to be ingested, and is not represented to be used as a conventional Food or as a sole item of a meal or the diet.

10.      **"Document"** or **"Documents"** means any materials listed in Federal Rule of Civil Procedure 34(a) and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, into reasonably usable form through detection devices.  A draft or nonidentical copy is a separate Document within the meaning of the term.

11.      **"Drug"** means: (a) articles recognized in the official United States

5

Pharmacopoeia, official Homoeopathic Pharmacopoeia of the United States, or official National Formulary, or any supplement to any of them; (b) articles intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in man or other animals; (c) articles (other than Food) intended to affect the structure or any function of the body of man or other animals; and (d) articles intended for use as a component of any article specified in clause (a), (b), or (c); but does not include Devices or their components, parts, or accessories.

12.   **"Endorsement"** means any advertising message (including verbal statements, demonstrations, or depictions of the name, signature, likeness, or other identifying personal characteristics of an individual or the name or seal of an organization) that consumers are likely to believe reflects the opinions, beliefs, findings, or experience of a party other than the sponsoring advertiser.

13.   **"Essentially Equivalent Product"** means a product that contains the identical ingredients, except for inactive ingredients (*e.g.*, binders, colors, fillers, excipients), in the same form and dosage, and with the same route of administration (*e.g.*, orally, sublingually), as the Dietary Supplement, Food, or Drug; *provided that* the Dietary Supplement, Food, or Drug may contain additional ingredients if reliable scientific evidence generally accepted by experts in the field demonstrates that the amount and combination of additional ingredients are unlikely to impede or inhibit the effectiveness of the ingredients in the Essentially Equivalent Product.

14.   **"Food"** means: (a) articles used for food or drink for man or other animals; (b) chewing gum; and (c) articles used for components of any such article.

15.   **"Material"** means likely to affect a Person's choice of, or conduct regarding,

6

goods or services.

16.     **"Material Connection"** means any relationship that materially affects the weight or credibility of any Endorsement and that would not reasonably be expected by consumers.

17.     **"Person"** means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

18.     **"Plaintiff"** means the Federal Trade Commission ("Commission" or "FTC").

## I.

## PROHIBITED BUSINESS ACTIVITIES

**IT IS THEREFORE ORDERED** that Defendants and their officers, agents, servants, employees and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, in connection with the advertising, marketing, promotion, offering for sale, or sale of any product, service, or program, are hereby permanently restrained and enjoined from:

A.     misrepresenting, or Assisting Others in misrepresenting, any Material fact, expressly or by implication, including, but not limited to:

1.     that any website or other publication is an objective news report;

2.     that objective news reporters have performed independent tests of any product, service, or program, including but not limited to Acai Berry Products or any other Dietary Supplement, Food, Drug, Device, work-at-home program, surplus auction service, teeth whitening product, or skin cream product;

7

3.      that independent tests demonstrate the effectiveness of any product, service, or program featured in any website or other publication, including but not limited to, Acai Berry Products or any other Dietary Supplement, Food, Drug, Device, work-at-home program, surplus auction service, teeth whitening product, or skin cream product;

4.      that comments posted on websites express the views of independent consumers;

5.      the total cost to purchase, receive, or use the product, service, or program;

6.      any Material restrictions, limitations, or conditions to purchase, receive, or use the product, service, or program;

7.      any Material aspect of the performance, efficacy, nature, or central characteristics of the product, service, or program; and

8.      any Material aspect of the nature or terms of a refund, cancellation, exchange, or repurchase policy for the product, service, or program; and

B.      failing to disclose, Clearly and Prominently:

1.      any Material Connection, when one exists, between any user or endorser of any product, service, or program and Defendants or any other Person manufacturing, advertising, labeling, promoting, offering for sale, selling or distributing such product, service, or program; and

2.      if applicable, that the content of any website or other publication has not been authored by an objective journalist but is in fact an advertisement placed for compensation.

## II.

## PROHIBITED REPRESENTATIONS:  WEIGHT LOSS CLAIMS

8

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, in connection with the advertising, marketing, promotion, offering for sale, or sale of any Dietary Supplement, Food, or Drug, are hereby permanently restrained and enjoined from making, or Assisting Others in making, directly or by implication, including through the use of a product name, Endorsement, depiction, or illustration, any representation that such product:

      A.     causes or helps cause weight loss;

      B.     causes or helps cause rapid weight loss; or

      C.     causes or helps cause substantial weight loss;

unless the representation is non-misleading and, at the time of making such representation, Defendants possess and rely upon competent and reliable scientific evidence that substantiates that the representation is true.  For purposes of this Section, competent and reliable scientific evidence shall consist of at least two Adequate and Well-Controlled Human Clinical Studies of any Dietary Supplement, Food, or Drug, or of an Essentially Equivalent Product, conducted by different researchers, independently of each other, that conform to acceptable designs and protocols and whose results, when considered in light of the entire body of relevant and reliable scientific evidence, are sufficient to substantiate that the representation is true.  Defendants shall have the burden of proving that a product satisfies the definition of Essentially Equivalent Product.

### III.

9

## PROHIBITED REPRESENTATIONS:
## OTHER HEALTH-RELATED CLAIMS

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, in connection with the advertising, marketing, promotion, offering for sale, or sale of any Dietary Supplement, Food, Drug, or Device, are hereby permanently restrained and enjoined from making, or Assisting Others in making, directly or by implication, including through the use of a product name, Endorsement, depiction, or illustration, any representation, other than representations covered under Section II of this Order for any Dietary Supplement, Food, or Drug, about the health benefits, performance, or efficacy of any Dietary Supplement, Food, Drug, or Device, unless the representation is non-misleading, and, at the time of making such representation, Defendants possess and rely upon competent and reliable scientific evidence that is sufficient in quality and quantity based on standards generally accepted in the relevant scientific fields, when considered in light of the entire body of relevant and reliable scientific evidence, to substantiate that the representation is true. For purposes of this Section, competent and reliable scientific evidence means tests, analyses, research, or studies that have been conducted and evaluated in an objective manner by qualified persons and are generally accepted in the profession to yield accurate and reliable results.

## IV.

## PROHIBITED REPRESENTATIONS:
## NON-HEALTH-RELATED CLAIMS

10

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, in connection with the advertising, marketing, promotion, offering for sale, or sale of any product, service, or program that is *not* a Dietary Supplement, Food, Drug, or Device, are hereby permanently restrained and enjoined from making, or Assisting Others in making, directly or by implication, including through the use of a product name, Endorsement, depiction, or illustration, any representation regarding the benefits, performance, or efficacy of any products, services, or programs, unless the representation is true, not misleading, and, at the time it is made, Defendants possess and rely upon competent and reliable evidence that substantiates that the representation is true.  For the purposes of this Section, competent and reliable evidence means tests, analyses, research, studies, or other evidence based on the expertise of professionals in the relevant area, that have been conducted and evaluated in an objective manner by individuals qualified to do so, using procedures generally accepted in the profession to yield accurate and reliable results.

**V.**

**PROHIBITED REPRESENTATIONS: TESTS OR STUDIES**

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, and attorneys and all other Persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting

11

directly or through any trust, corporation, subsidiary, division, or other device, or any of them, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any Dietary Supplement, Food, Drug, or Device, or any other product, service, or program, in or affecting commerce, are hereby permanently restrained and enjoined from misrepresenting, in any manner, expressly or by implication, including through the use of any product name or Endorsement, the existence, contents, validity, results, conclusions, or interpretations of any test, study, or research, in connection with any representations covered by Sections II, III, and IV of this Order.

## VI.
## FDA APPROVED CLAIMS

**IT IS FURTHER ORDERED** that nothing in this Order shall prohibit Defendants from making any representation for any product that is specifically permitted in labeling for such product by regulations promulgated by the Food and Drug Administration pursuant to the Nutrition Labeling and Education Act of 1990.

## VII.

## MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that Judgment is hereby entered in favor of the Commission and against Defendants, jointly and severally, for equitable monetary relief, in the amount of two million seven hundred thirty thousand and eight hundred seventy-one dollars ($2,730,871); *provided, however*, that the Judgment for equitable monetary relief shall be suspended upon the satisfaction of the obligations imposed by Subsections A through D of this Section, and subject to the conditions set forth in Section IX of this order.

12

A.    Defendants, jointly and severally, shall pay to the Commission the sum of one hundred seventy-one thousand one hundred seventy-nine dollars ($171,179.00) in equitable monetary relief, including, but not limited to, consumer redress and/or disgorgement, within five (5) days of the date of entry of this Order.  Payment shall be made to the Commission by wire transfer in accordance with directions provided by the Commission, or by certified check or other guaranteed funds payable to and delivered to the Commission.

B.    Individual Defendant shall immediately take specific steps, as set forth below, to sell all interests in the 2010 Chevrolet Tahoe, listed in Item 21 of the Financial Statement of the Individual Defendant, signed on November 28, 2011:

1.    Individual Defendant shall immediately place the 2010 Chevrolet Tahoe for sale through an appropriate broker or automobile listing service at the direction of the Commission.

2.    Individual Defendant shall notify counsel for the Commission of the amount of any offer to purchase the 2010 Chevrolet Tahoe immediately upon receiving each such offer.  Acceptance of any such offer shall be in the Commission's sole discretion.

3.    Within three (3) business days of receipt of the proceeds from the sale of all interests in the 2010 Chevrolet Tahoe, Individual Defendant shall pay all funds to the Commission by wire transfer in accordance with the directions provided by the Commission, or by certified check or other guaranteed funds payable to and delivered to the Commission; and

13

Individual Defendant shall identify the name and address of the purchaser of the 2010 Chevrolet Tahoe.

4.  Individual Defendant shall, prior to the sale required by this Subsection, maintain insurance on the 2010 Chevrolet Tahoe in an amount not less than the full replacement value of the vehicle. In the event that the 2010 Chevrolet Tahoe suffers any loss or damage covered by such insurance policy, Individual Defendant shall make such claims as are permitted by the insurance policy and shall assign or remit any insurance payment he receives as a result of such loss or damage to the Commission.

5.  To secure his performance under this Subsection B, Individual Defendant hereby grants to the Commission a lien on and security interest in, the 2010 Chevrolet Tahoe, which terminates upon sale of the vehicle.

C.  Individual Defendant shall pay to the Commission the balance of the certificate of deposit held under his name at Charter One in the account ending in 4469 within five (5) days of entry of this Order. ***Provided, however***, that if the certificate of deposit is not mature within five (5) days of entry of this Order, Individual Defendant shall instead pay to the Commission the balance of the certificate of deposit within five (5) days of its maturation. Payment shall be made to the Commission by wire transfer in accordance with directions provided by the Commission, or by certified check or other guaranteed funds payable to and delivered to the Commission.

D.  Within five (5) days of entry of this Order, Defendants shall assign to the FTC all of their right, title, and interest in any claim or right they may have, including, but not limited to, any right to receive property or to receive payment of money, against Diginetwork Media and/or

14

its parents, subsidiaries, divisions, successors, assigns, and officers, owners, directors, or managers. Defendants shall cooperate fully in this assignment and shall properly execute all documents and take all actions necessary or appropriate to effect this assignment. Diginetwork Media and/or its parents, subsidiaries, divisions, successors, assigns, and officers, owners, directors, or managers shall, within fourteen (14) days of receiving notice of the assignment, deliver all monies owed or belonging to Defendants to the Regional Director, East Central Region, Federal Trade Commission, 1111 Superior Avenue, Suite 200, Cleveland, Ohio 44114.

      E.      Time is of the essence for the payment specified above. In the event of default by Defendants on any obligation imposed under this Section, including, but not limited to, the failure to timely and completely fulfill their payment obligations:

      1.      the Judgment imposed herein will not be suspended, and the full amount of that Judgment ($2,730,871) shall immediately become due and payable, plus interest from the date of entry of this Order pursuant to 28 U.S.C. § 1961, as amended, less any amounts already paid; and

      2.      the Commission shall be entitled to immediately exercise any and all rights and remedies against Defendants and their assets to collect the full amount of the Judgment and interest thereon, less any amounts already paid.

      F.      All funds paid pursuant to this Order shall be deposited into a fund administered by the Commission or its agent to be used for equitable relief, including, but not limited to, consumer redress, and any attendant expenses for the administration of such equitable relief.

15

Defendants shall cooperate fully to assist the Commission in identifying consumers who may be entitled to redress pursuant to this Order.  If the Commission determines, in its sole discretion, that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint.  Any funds not used for such equitable relief shall be deposited to the United States Treasury as disgorgement.  Defendants shall have no right to challenge the Commission's choice of remedies under this Section.  Defendants shall have no right to contest the manner of distribution chosen by the Commission.  This judgment for equitable monetary relief is solely remedial in nature and is not a fine, penalty, punitive assessment, or forfeiture.

G.      In accordance with 31 U.S.C. § 7701, as amended, Defendants are hereby required, unless they already have done so, to furnish to the Commission their respective taxpayer identifying numbers, social security numbers, or employer identification numbers, which shall be used for purposes of collecting and reporting on any delinquent amount arising out of Defendants' relationship with the government.  Defendants are further required, unless they have already done so, to provide the Commission with clear, legible and full-size photocopies of all valid driver's licenses that they possess, which will be used for reporting and compliance purposes.

H.      Defendants relinquish all dominion, control, and title to the funds paid to the fullest extent permitted by law.  Defendants shall make no claim to or demand for return of the funds, directly or indirectly, through counsel or otherwise.

16

I.      Defendants agree that the facts as alleged in the Complaint filed in this action shall be taken as true without further proof in any bankruptcy case or subsequent civil litigation pursued by the Commission to enforce its rights to any payment or money judgment pursuant to this Order, including but not limited to a nondischargeability complaint in any bankruptcy case. Defendants further stipulate and agree that the facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and that this Order shall have collateral estoppel effect for such purposes.

J.      Defendants shall not, directly or indirectly, take any deduction, capital loss, or other tax benefit on any federal, state, or local tax return for the assignment and payments made toward satisfaction of the judgment set forth in Section VII.  Within thirty (30) days of receipt of a written request from a representative of the Commission for the purpose of monitoring any Defendant's compliance with this provision, Defendants must take all necessary steps, such as filing completed IRS Forms 4506 or 8821, to cause the Internal Revenue Service (IRS) or other tax authority to provide any requested tax information directly to the Commission.  The requested information can include amended tax returns and other filings that Defendants have the authority to release, including those of any businesses that any Defendant, individually or collectively with any other Defendant, is the majority owner of or directly or indirectly controls.

K.      Proceedings instituted under this Section are in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law, including any other proceedings the Commission may initiate to enforce this Order.

**VIII.**

17

## RELINQUISHMENT OF ASSETS

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, and attorneys and all other Persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, are hereby permanently restrained and enjoined from:

A.     transferring, converting, selling, dissipating, assigning, leasing, renting, or disbursing any of the domain names listed in Attachment A to this Order;

B.     using, whether for business or personal use, or for profit or otherwise, any of the domain names listed in Attachment A to this Order;

C.     re-registering or making use of any of the domain names listed in Attachment A to this Order when their current registrations to either or both Defendants expire;

D.     acquiring any ownership interest in, or taking any management, officer, or director position in, Net 7 Media LLC or Modest Media Corporation, or otherwise earning any income, disbursement, commission, or payment from Net 7 Media LLC and Modest Media Corporation.

## IX.

## RIGHT TO REOPEN

**IT IS FURTHER ORDERED** that:

A.     the Commission's agreement to, and the Court's approval of, this Order, including, but not limited to, the full or partial suspension of the monetary judgment against Defendants, is expressly premised upon the truthfulness, accuracy, and completeness of Defendants' representations regarding their financial condition, as set forth in the Financial

18

Statement of Corporate Defendant Coulomb Media, Inc., signed by Cody Low, Officer/Owner, on November 15, 2011, and the attachments; the Financial Statement of Individual Defendant Cody Low, signed on November 28, 2011, and the attachments; the deposition of Corporate Defendant Coulomb Media, Inc., taken on December 7, 2011, and all exhibits thereto; the deposition of Individual Defendant Cody Low, taken on December 7, 2011, and all exhibits thereto; and the affidavit signed by Individual Defendant Cody Low on December 30, 2011; all of which contain material information upon which Plaintiff relied in negotiating and agreeing to the terms of this Order;

B.      if, upon motion of the FTC, the Court finds that any Defendant failed to disclose any material asset, materially misrepresented the value of any asset, or made any other material misrepresentation or omission from his or its financial statement or supporting documents, the suspended Judgment entered in Section VII of this Order shall become immediately due and payable as to that Defendant (less any amounts already paid). ***Provided, however***, that, in all other respects, this Order shall remain in full force and effect, unless otherwise ordered by the Court; and

C.      any proceedings instituted under this Section shall be in addition to, and not in lieu of any other civil or criminal remedies that may be provided by law, including, but not limited to, contempt proceedings, or any other proceedings that the Commission or the United States might initiate to enforce this Order.  For purposes of this Section, Defendants waive any right to contest any of the allegations in the Commission's Complaint.

**X.**

**COOPERATION WITH FTC COUNSEL**

**IT IS FURTHER ORDERED** that Defendants shall, in connection with this action or any subsequent investigations related to or associated with the transactions or the occurrences that are the subject of the FTC's Complaint, cooperate in good faith with the FTC and appear or cause its officers, employees, representatives, or agents to appear at such places and times as the FTC shall reasonably request, after written notice, for interviews, conferences, pretrial discovery, review of Documents, and for such other matters as may be reasonably requested by the FTC. If requested in writing by the FTC, Defendants shall appear or cause its officers, employees, representatives, or agents to appear and provide truthful testimony in any trial, deposition, or other proceeding related to or associated with the transactions or the occurrences that are the subject of the Complaint, without the service of a subpoena.

## XI.

### ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Defendants obtain acknowledgments of receipt of this Order:

A.      Each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.      For 3 years after entry of this Order, Individual Defendant for any business that such Defendant, individually or collectively with any other Defendant, is the majority owner or directly or indirectly controls, and Corporate Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and managers; (2) all employees, agents, and representatives who participate in conducted related to the subject matter of this Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. To all others, delivery must occur before they assume their responsibilities.

C.      From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## XII.

### COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendants make timely submissions to the Commission:

21

A.      One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury.

1.      Each Defendant must:  (a) designate at least one telephone number and an email, physical, and postal address as points of contact, which representatives of the Commission may use to communicate with Defendants; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the products and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendants must describe if they know or should know due to their own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission;

2.      Additionally, Individual Defendant must:  (a) identify all telephone numbers and all email, Internet, physical, and postal addresses, including all residences; (b) all titles and roles in all business activities, including any business for which Individual Defendant performs services whether as an employee or otherwise and any entity in which Defendant has any ownership interest; and (c) describe in detail Individual Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.      For 20 years following entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

22

1.     Each Defendant must report any change in:  (a) any designated point of contact; or (b) the structure of Corporate Defendant or any entity that Defendant has any ownership interest in or directly or indirectly controls that may affect compliance obligations arising under this Order, including:  creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2.     Additionally, Individual Defendant must report any change in:  (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify its name, physical address, and Internet address, if any.

C.     Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against such Defendant within 14 days of its filing.

D.     Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on:_____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.     Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:  Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW,

Washington, DC 20580. The subject line must begin: FTC v. Coulomb Media, Inc., Cody Low, aka Joe Brooks, Matter No. X110037.

## XIII.

## RECORDKEEPING

**IT IS FURTHER ORDERED** that Defendants must create certain records for 20 years after entry of the Order, and to retain each such record for 5 years. Specifically, Corporate Defendant and Individual Defendant for any business in which that Defendant, individually or collectively with any other Defendants, is a majority owner or directly or indirectly controls, must maintain the following records:

A.      accounting records showing the revenues from all goods or services sold, all costs incurred in generating those revenues, and the resulting net profit or loss;

B.      personnel records showing, for each Person providing services, whether as an employee or otherwise, that Person's: name, addresses, and telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination;

C.      customer files showing the names, addresses, telephone numbers, dollar amounts paid, and the quantity and description of goods or services purchased;

D.      complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

E.      all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

F.      a copy of each advertisement or other marketing material.

## XIV.

24

## COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendants' compliance with this Order, including any failure to transfer any assets as required by this Order:

A.      Within 14 days of receipt of a written request from a representative of the Commission, each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce Documents, for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.      For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant. Defendant must permit representatives of the Commission to interview any employee or other Person affiliated with any Defendant who has agreed to such an interview. The Person interviewed may have counsel present.

C.      The Commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## XV.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED.**

Dated: ___MAR 1 9 2012___, 2012

**ROBERT H. CLELAND**
United States District Judge

**FOR DEFENDANTS:**

**DEFENDANT CODY LOW aka JOE BROOKS, individually**

By: _____
    **Cody Low aka Joe Brooks**

Date: _____

**DEFENDANT COULOMB MEDIA, INC.**

By: _____
    **Cody Low aka Joe Brooks, President**

Date: _____

**COUNSEL FOR DEFENDANT:**

_____
**Richard B. Newman**
**Hinch Newman LLP**
488 Madison Avenue, Suite 1100
New York, New York 10022
(212) 486-9494
Email: rnewman@hinchnewman.com

Date: _____

Eric A. Linden (P33249)
Jaffe Raitt Heuer & Weiss, P.C.
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034-8214
(248) 351-3000
Email: elinden@jaffelaw.com

Attorneys for Defendants
Coulomb Media, Inc. and Cody Low

**FOR PLAINTIFF FEDERAL TRADE COMMISSION:**

**WILLARD K. TOM**
General Counsel
Federal Trade Commission
Washington, D.C.  20580

**JON MILLER STEIGER**
Director - East Central Region
Federal Trade Commission

_____
**Steven W. Balster (IL 6189072)**
**Sara C. DePaul (OH 0077829)**
Federal Trade Commission
1111 Superior Avenue, Suite 200
Cleveland, Ohio 44114
(216) 263-3401 (Balster)
(216) 263-3429 (DePaul)
(216) 263-3426 (fax)
Email: sbalster@ftc.gov
Email: sdepaul@ftc.gov

Date: _____

BARBARA L. MCQUADE
United States Attorney

PETER A. CAPLAN (P30643)
Assistant U.S. Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9784
Email: peter.caplan@usdoj.gov

Attorneys for Plaintiff
Federal Trade Commission

FOR DEFENDANTS:

DEFENDANT CODY LOW aka JOE BROOKS, individually,

By: _____
Cody Low aka Joe Brooks

Date: __12/30/11_____

DEFENDANT COULOMB MEDIA, INC.

By: _____
Cody Low aka Joe Brooks, President

Date: __12/30/11_____

COUNSEL FOR DEFENDANT:

_____
Richard B. Newman
Hinch Newman LLP
488 Madison Avenue, Suite 1100
New York, New York 10022
(212) 486-9494
Email: rnewman@hinchnewman.com

Date: __12/30/11_____

Eric A. Linden (P33249)
Jaffe Raitt Heuer & Weiss, P.C.
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034-8214
(248) 351-3000
Email: elinden@jaffelaw.com

Attorneys for Defendants
Coulomb Media, Inc. and Cody Low

FOR PLAINTIFF FEDERAL TRADE COMMISSION:

WILLARD K. TOM
General Counsel
Federal Trade Commission
Washington, D.C. 20580

JON MILLER STEIGER
Director – East Central Region
Federal Trade Commission

_____
Steven W. Balster (IL 6189072)
Sara C. DePaul (OH 0077829)
Federal Trade Commission
1111 Superior Avenue, Suite 200
Cleveland, Ohio 44114
(216) 263-3401 (Balster)
(216) 263-3429 (DePaul)
(216) 263-3426 (fax)
Email: sbalster@ftc.gov
Email: sdepaul@ftc.gov

Date: __3/14/12_____

BARBARA L. MCQUADE
United States Attorney

PETER A. CAPLAN (P30643)
Assistant U.S. Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9784
Email: peter.caplan@usdoj.gov

Attorneys for Plaintiff
Federal Trade Commission

25

## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF MICHIGAN

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION,     ) | |
|       ) | |
|      Plaintiff,     ) | Case No. 11-cv-11618 |
|       ) | |
|       v.     ) | Judge: Robert H. Cleland |
|       ) | (presiding) |
| COULOMB MEDIA, INC.,     ) | |
|      a corporation, and     ) | Laurie J. Michelson |
|       ) | (referral) |
| CODY LOW aka JOE BROOKS,     ) | |
|      an individual and an officer     ) | |
|      of COULOMB MEDIA, INC.,     ) | |
|       ) | |
|      Defendants.     ) | |
|       ) | |

### DOMAIN NAMES OWNED BY OR REGISTERED BY CODY LOW AKA JOE BROOKS AND/OR COULOMB MEDIA, INC.

1.     trackleady.com (set to expire on 01/22/2012)

2.     coulombwebassets.com (set to expire on 01/29/2012)

3.     guidetotattooremoval.com (set to expire on 03/10/2015)

4.     amysdietstory.co.uk (set to expire on 04/24/2012)

5.     medicalbilling180.com (set to expire on 05/03/2015)

6.     college-grants.org (set to expire on 04/05/2012)

7.     secureddietjump.com (expired on 11/19/2011)

8.     womenhealth6.com (expired on 11/20/2011)

9.     stpsmokingsupport.com (expired on 11/26/2011)

10.     healthconsumersnews.com (expired on 11/26/2011)

11.     wrinklejump.com (expired on 11/30/2011)

**ATTACHMENT A - Page 1**

12.   kindlesaletrack.com (expired on 12/02/2011)

13.   videojump.net (expired on 12/07/2011)

14.   vidlinkclick.com (expired on 12/09/2011)

15.   online8reports.net (expired on 12/09/2011)

16.   online9newsreport.com (expired on 12/13/2011)

17.   sbtodayclinic.com (expired on 12/13/2011)

18.   onlinejobsfbtrack.com (set to expire on 01/04/2012)

19.   fbtrackauction.com (set to expire on 01/18/2012)

20.   onlinejobsau.com (set to expire on 01/18/2012)

21.   onlinejobtrackit.com (set to expire on 01/19/2012)

22.   newsreport8.com (set to expire on 01/26/2012)

23.   securedjmp.com (set to expire on 01/28/2012)

24.   securedlnk.com (set to expire on 01/30/2012)

25.   news11todayfinance.com (set to expire on 02/03/2012)

26.   thebankersprofits.com (set to expire on 02/03/2012)

27.   eatcleandiettrk.com (set to expire on 02/07/2012)

28.   eatcleanjump.com (set to expire on 02/10/2012)

29.   eatcleanpagetrk.com (set to expire on 02/10/2012)

30.   securedclicktrack.com (set to expire on 02/20/2012)

31.   jornaldoconsumidordieta.com (set to expire on 02/20/2012)

32.   awordsbox1.com (set to expire on 02/23/2012)

33.   audietlink.com (set to expire on 02/25/2012)

34.   dailyhealthyalerts.com (set to expire on 04/07/2012)

**ATTACHMENT A – Page 2**

35.   eatcleanresearch.com (set to expire on 04/18/2012)

36.   canal6nouvelles.com (set to expire on 04/18/2012)

37.   gibsonlespaul.net (set to expire on 02/26/2012)

38.   xboxlivesubscriptions.com (set to expire on 07/13/2012)

39.   gamingmall.com (set to expire on 08/07/2012)

40.   school-grants.org (set to expire on 10/17/2012)

41.   berufsunfahigkeitsversicherung360.de (set to expire on 8/27/2012)

42.   stopsnoring.net (set to expire on 07/01/2019)

43.   wheatgrass.net (set to expire on 04/29/2012)

44.   grantsforsinglemothers.org (set to expire on 12/01/2012)

45.   adwordsbox1.com (set to expire on 02/23/2012)

46.   coulombmedia.com (set to expire on 04/04/2012)

**ATTACHMENT A – Page 3**